UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LESLIE O. CUMMINS,
    Plaintiff,

vs.

WARREN COUNTY
SHERIFF'S OFFICE, *et. al.,*
    Defendants.

Case No. 1:04-cv-284

Weber, J.
Black, M.J.

**REPORT AND RECOMMENDATION[1] THAT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (doc. 22) BE GRANTED; PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (doc. 47) BE DENIED; AND THIS CASE BE CLOSED**

This matter is before the Court upon the motion for summary judgment (doc. 22) of defendants Warren County Sheriff's Office, Warren County Humane Society, Inc., Melissa Nuss, Amy Fugate, Tracy Oshel, and Mari Lee Schwarzwalder ("Defendants"), the motion for summary judgment (doc. 47) of plaintiff Leslie O. Cummins ("Plaintiff"), and the parties' responsive memoranda (docs. 35, 40, 51, 57).

Plaintiff initiated this action on April 23, 2004 by filing a *pro se* complaint against Defendants, pursuant to 42 U.S.C. § 1983, alleging that Defendants engaged in an illegal and unconstitutional search and seizure of his property.

**BACKGROUND AND FACTS**

On April 28, 2002, the Warren County Humane Society received an animal abuse complaint from an anonymous caller regarding two thin horses at 3051 Senior Road in

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Morrow, Ohio. In response, officials from the Warren County Humane Society and the Warren County Sheriff's Department inspected the property and took photographs of the horses.

Plaintiff was subsequently charged in state court with cruelty to animals. Plaintiff retained counsel and filed a motion to suppress evidence in the criminal action based on the alleged illegal and unconstitutional searches and seizures of his property. (Doc. 1, attached exhibit, "Motion to Suppress"). Plaintiff's motion was overruled by the trial court. Plaintiff pled no contest and was found guilty of cruelty to animals, a second-degree misdemeanor.

Plaintiff then appealed his conviction. The Court of Appeals for the Twelfth Appellate District of Ohio affirmed the judgment, finding that the trial court did not err in overruling Plaintiff's motion to suppress evidence. Specifically, the appellate court found that Plaintiff "did not have a reasonable expectation of privacy in the invaded area." (Doc. 22, Ex. C at 2).

Defendants maintain that summary judgment should be granted because, as a matter of law, Plaintiff is collaterally estopped from relitigating the constitutionality of the search and seizure of his property. Plaintiff maintains, however, that he is entitled to summary judgment based on the allegedly warrantless search of his property.

For the reasons that follow, the undersigned recommends that Defendants' motion for summary judgment be granted, Plaintiff's motion for summary judgment be denied, and this case be closed.

## STANDARD OF REVIEW

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which might affect the outcome of the action. *Celotex*, 477 U.S. at 323. All facts and inferences must be construed in a light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

A party may move for summary judgment on the basis that the opposing party will not be able to produce sufficient evidence at trial to withstand a motion for judgment as a matter of law. In response to a properly supported motion, the non-moving party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989); *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). Conclusory allegations are not sufficient to defeat a properly supported summary judgment motion. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990).

## DISCUSSION

In *Allen v. McCurry*, 449 U.S. 90 (1980), the United States Supreme Court held

that a decision of a state court on a federal constitutional claim raised in a state criminal proceeding is entitled to preclusive, "collateral estoppel" effect in any subsequent § 1983 civil action. *Id.* at 104.

In *Allen*, the plaintiff was convicted in a state court criminal proceeding in which he had moved unsuccessfully to suppress certain evidence on the ground that it had been obtained in violation of his Fourth Amendment rights. *Id.* at 92. Subsequently, after the state trial court denied the motion to suppress and convicted Allen, he brought a § 1983 civil action against the police officers who had seized the evidence.

Finding that the state court had given Allen a full and fair opportunity to litigate his federal claim, the U.S. Supreme Court found that the plaintiff was prevented from relitigating an alleged Fourth Amendment violation. *Id.* at 104.

Whenever a party asks a federal court "to give preclusive effect to a state court judgment, the federal court must apply the law of the state in which the prior judgment was rendered in determining whether and to what extent the prior judgment should be given preclusive effect in a federal action." *Potts v. Hill*, 77 Fed.Appx. 330, *334, 2003 WL 22290202, **4 (6th Cir. 2003) (citing *In re Fordu,* 201 F.3d 693, 703 (6th Cir.1999) (citing 28 U.S.C. § 1738; *Migra,* 465 U.S. at 81; *In re Calvert,* 105 F.3d 315, 317 (6th Cir.1997)).

The Supreme Court of Ohio defines issue preclusion using the following four elements: "(1) The party against whom estoppel is sought was a party or in privity with a

party to the prior action; (2) there was a final judgment on the merits in the previous case after full and fair opportunity to litigate the issue; (3) the issue must have been admitted or actually tried and decided and must be necessary to the final judgment; and (4) the issue must have been identical to the issue involved in the prior suit." *Monahan v. Eagle Picher Industries, Inc*, 21 Ohio App.3d 179,180-81, 486 N.E.2d 1165, 1168 (Ohio 1984). Thus, issue preclusion takes effect, unless: (1) the party lacked a full and fair opportunity to litigate or (2) the circumstances or justice require relitigation. *Hicks v. De la Cruz,* 52 Ohio St.2d 71, 74, 369 N.E.2d 776, 777-78 (Ohio 1977); *Goodson v. McDonough Power Equipment, Inc.,* 2 Ohio St.3d 193, 199, 443 N.E.2d 978, 984 (Ohio 1983).

Here, Plaintiff was a party to the state court criminal proceedings; the state court found that there was a valid search and seizure of Plaintiff's property (the exact issue in this case); and determination of whether Defendants' search was constitutional was necessary to the final judgment. Moreover, Plaintiff does not dispute that he was given the opportunity to litigate this issue in state court.

In fact, in the instant action, Plaintiff simply asserts the same claims and arguments raised in the state court proceeding. Moreover, Plaintiff's motion for summary judgment appears to be a photocopy of an appellate brief submitted in his state court proceeding.[2] It is clear that Plaintiff is attempting to raise the exact issues previously decided by the state court, and, therefore, Plaintiff's claims fail as a matter of law.

---

[2] The brief contains some redactions and additions, and all references made regarding the word defendant have apparently been whited-out and typed over with the word plaintiff.

Thus, as in *Allen*, Plaintiff was given a full and fair opportunity to litigate his constitutional claim. Accordingly, Plaintiff has failed to establish a genuine issue of material fact, and Defendant is entitled to judgment as a matter of law.

**IT IS THEREFORE RECOMMENDED THAT:**

Defendants' motion for summary judgment (doc. 22) be **GRANTED**, Plaintiff's motion for summary judgment (doc. 47) be **DENIED**, and the case be **CLOSED.**

Date:  June 21, 2005   　　　　　　　　　　　　　 s/ Timothy S. Black
　　　　　　　　　　　　　　　　　　　　　　　　　Timothy S. Black
　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

LESLIE O. CUMMINS,
    Plaintiff,                                   Case No. 1:04-cv-284

                                                         Weber, J.
vs.                                                     Black, M.J.

WARREN COUNTY
SHERIFF'S OFFICE, *et. al.,*
    Defendants.

**NOTICE**

      Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).